

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. AP-76,917

---

### Ex parte KENNETH WAYNE BOYD, JR., Applicant

---

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 97-CR-14,643A IN THE 273RD DISTRICT COURT
## SHELBY COUNTY

---

**OPINION**

**Per Curiam.**

Applicant was convicted of capital murder and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction.[1] Applicant subsequently filed an application for writ of habeas corpus pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure. In it, he contends that he was denied his rights under the Confrontation Clause, that the State withheld favorable evidence from the defense, that the State knowingly presented false testimony,

---

[1] *Boyd v. State*, No. 12-99-0305-CR (Tex. App.–Tyler, August 22, 2001, pet. ref'd) (not designated for publication).

and that newly discovered evidence demonstrates that he is actually innocent of this offense.

The trial court determined that Applicant's claims are meritorious, and recommends that his conviction be reversed. The trial court notes that Applicant raised his Confrontation Clause claim on direct appeal and that the court of appeals held that there was error but found that the error was harmless in light of other evidence, including the testimony of two jailhouse witnesses. However, the newly discovered evidence presented by Applicant in this application includes affidavits from both jailhouse witnesses recanting their testimony. The trial court finds that, in light of the recantations of the two witnesses upon whose testimony the court of appeals relied to determine the Confrontation Clause violation was harmless error, the court of appeals's harm analysis should be revisited. Noting that the other evidence presented by the State at Applicant's trial was "weak," the trial court finds that the Confrontation Clause violation was harmful error.

Applicant alleges that the State failed to disclose material, exculpatory evidence to the defense. Applicant also raised some of these allegations on direct appeal, but the court of appeals agreed with the State's contention that Applicant was attempting to raise matters outside the appellate record. In this application, Applicant presents materials that were found in the State's file by the newly elected District Attorney after the trial prosecutor left office. The newly elected District Attorney, believing that the materials might constitute *Brady* material that was not disclosed to the defense, provided those materials to Applicant's attorney after his trial. Applicant now alleges that this newly available evidence was material and favorable to the defense. The trial court agrees, concluding that in light of the record as a whole, there is a reasonable probability that, had the evidence been disclosed, the outcome of Applicant's trial would have been different.

Applicant also alleges that several of the State's witnesses at trial testified falsely, as revealed by their recantations and the newly available evidence contained in police and polygraph examination reports, some of which were not provided to the defense prior to trial. The trial court finds that several of the State's witnesses testified falsely and that the trial prosecutor was aware of the falsity of their testimony. The trial court concludes that there is, at the very least, a reasonable likelihood that the false testimony presented by the State's witnesses at Applicant's trial affected the outcome of the trial.

Finally, in light of the newly discovered and newly available evidence presented by Applicant and its probable impact on the State's case as a whole, the trial court concludes that Applicant has proven by clear and convincing evidence that no reasonable juror would have voted to convict him.

We disagree with the trial court's conclusion that Applicant is entitled to relief on his actual-innocence claim. We have held that "when an applicant asserts a *Herrera*-type [actual innocence] claim based on newly discovered evidence, the evidence presented must constitute affirmative evidence of the applicant's innocence."[2] None of the newly discovered evidence presented in the habeas proceedings constitutes affirmative evidence that Applicant did not in fact commit the crime. Rather, all of this evidence simply impeaches inculpatory evidence that was presented at trial.

But we agree with the trial court that Applicant is entitled to relief on his favorable-evidence and false-testimony claims. Consequently, we grant relief. The judgment of conviction in the instant cause is set aside, and Applicant is remanded to the custody of the Sheriff of Shelby County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court

---

[2] *Ex parte Franklin*, 72 S.W.3d 671, 678 (Tex. Crim. App. 2002).

issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 14, 2012
Do not publish